# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Robert Lee Anderson,

        Plaintiff,    Case No. 20-10865

v.    Judith E. Levy
    United States District Judge

Family Dollar Stores of Michigan, LLC,    Mag. Judge Anthony P. Patti

        Defendant.

_____/

## ORDER GRANTING MOTION TO COMPEL RECORD PRODUCTION AND ORDER FOR DR. MICHAEL WIND TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT FOR FAILING TO COMPLY WITH SUBPOENA [17]

This is a premises liability case in which Plaintiff Robert Lee Anderson seeks monetary damages from Defendant Family Dollar Store of Michigan, LLC, after allegedly sustaining injuries from slipping and falling on liquid detergent in the store. (ECF No. 1.) Before the Court is Defendant's unopposed motion requesting that the Court compel record production from Plaintiff's physician Dr. Michael Wind and/or require that Dr. Wind show cause why he should not be held in contempt for

failing to comply with the subpoena. (ECF No. 17.) For the reasons below, the Court GRANTS this motion.

On or about August 18, 2020, Defendant requested a number of records from Dr. Wind via subpoena to his records custodian at 13350 24 Mile Road #700, Shelby Township, Michigan 48315. (*Id.* at PageID.53.) In accordance with Plaintiff's consent for release of medical information, Defendant requested Plaintiff's

> [e]ntire medical file, including but not limited to any and all records, correspondence to and from the consulting and treating physicians, files, memoranda, handwritten notes, history and physical reports, and all medication/prescription records, any and all x-ray, CT scans, MRI's, PET scans and all such items may be stored in a computer database or otherwise in electronic form relating to examination, diagnosis, or treatment.

(*Id.* at PageID.57.) Defendant attests that it has not received the requested records, despite numerous attempts to contact the custodian by phone and email between August 18, 2020 and October 9, 2020. (*Id.* at PageID.61-62.) Discovery is scheduled to close on November 13, 2020, and Defendant attests that it needs the records for cross-examination and for expert consultation. (*Id.* at PageID.17.)

Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). After receiving a request for production of documents, a party has thirty days to respond with answers or objections. Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond to a proper Rule 34 document request, the Court may compel document production. Fed. R. Civ. Pd. 37(a)(3)(B)(iv).

Defendant's production request is proper. The records description above falls within the Rule 34 allowance of "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained," Fed. R. Civ. P. 34(a)(1)(A), and this request for medical information from Plaintiff's treating physician is relevant in light of the medical damages at issue in this case. Fed. R. Civ. P. 26(b)(1).

Accordingly, Dr. Wind is ORDERED to fully comply with Defendant's August 18, 2020 records production request by **Wednesday, November 4, 2020**. Alternatively, Dr. Wind is ORDERED to show cause by this date why he should not be held in contempt for failure to comply.

Failure to comply with this Order may result in sanctions pursuant to Federal Rule of Civil Procedure 37.

IT IS SO ORDERED.

Dated: October 24, 2020
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 24, 2020.

s/William Barkholz

WILLIAM BARKHOLZ

Case Manager